| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>Caceres & Shamash, LLP<br>8200 Wilshire Boulevard, Suite 400<br>Beverly Hills, CA  90211<br>Tel: (310) 205-3400<br>Fax: (310) 878-8308<br>Email: jec@locs.com<br><br>[X] *Attorney for Debtor(s)*<br>[ ] *Debtor(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - ** <u>RIVERSIDE</u> **DIVISION**

| In re:<br><br>SONIA YOLANDA RODRIGUEZ,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:12-bk-30012-DS<br>CHAPTER: 13<br><br>**NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**<br><br>[No hearing unless requested in writing] |
|---|---|

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:

1. Movant(s) <u>Debtor</u> , has filed a motion entitled <u>Mtn for Authority to Enter</u> Loan Mod.Agmt

2. Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3. The motion is based upon the legal and factual grounds set forth in the Motion and briefly described in the attached Description of Relief Sought. (*Check appropriate box below*):

   [X] The full motion is attached hereto; or
   [ ] The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion.  The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus an

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                               Page l                      **F 9013-1.2.NOTICE.NO.HEARING**

F901312N

additional 3 days unless the notice of motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B).  If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Dated: <u>11/6/12</u>

Respectfully submitted,

By: <u>/s/ Joseph E. Caceres</u>
*Signature of Movant or Attorney for Movant*

Name: <u>Joseph E. Caceres</u>
*Type Name of Movant or Attorney for Movant*

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 2                          **F 9013-1.2.NOTICE.NO.HEARING**

1  Joseph E. Caceres, Esq. (SBN 169164)
   Charles Shamash, Esq. (SBN 178110)
2  Caceres & Shamash, LLP
   8200 Wilshire Boulevard, Suite 400
3  Beverly Hills, California 90211
   Telephone: (310) 205-3400
4  Facsimile: (310) 878-8308

5  Attorneys for Debtor

6

7                    UNITED STATES BANKRUPTCY COURT
                     CENTRAL DISTRICT OF CALIFORNIA
8                          RIVERSIDE DIVISION

9

10  In re                          )  Case No. 6:12-bk-30012-DS
                                    )
11  SONIA YOLANDA RODRIGUEZ,        )  Chapter 13
                                    )
12                                  )  **DEBTOR'S MOTION FOR**
                                    )  **AUTHORITY TO ENTER INTO POST-**
13                                  )  **PETITION LOAN MODIFICATION**
                                    )  **AGREEMENT WITH HSBC BANK**
14                                  )  **USA, NATIONAL ASSOCIATION /**
                                    )  **OCWEN LOAN SERVICING, LLC;**
15                                  )  **DECLARATIONS OF SONIA**
                                    )  **YOLANDA RODRIGUEZ AND JOSEPH**
16                                  )  **E. CACERES IN SUPPORT THEREOF**
                                    )
17              Debtor(s).          )  [Local Bankr. Rule 9013-1(o)]
                                    )
18  _____ )  [No Hearing Required]

19  **TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY**

20  **JUDGE, THE CHAPTER 13 TRUSTEE, AND TO OTHER INTERESTED PARTIES:**

21         SONIA YOLANDA RODRIGUEZ ("Debtor") hereby submits her Motion for Authority

22  to Enter Into Post-Petition Loan Modification Agreement with HSBC Bank USA, National

23  Association/Ocwen Loan Servicing, LLC; Declarations of Sonia Yolanda Rodriguez and Joseph

24  E. Caceres in Support Thereof, pursuant to Local Bankruptcy Rule 9013-1(o).[1]  In support thereof,

25  the Debtor respectfully submits the following:

26  _____

27         [1]Local Bankruptcy Rule 9013-1(o)(1) provides that, with the exception of certain matters not
    applicable here, any matter which may be set for hearing in accordance with Local Bankruptcy Rule
28  9013-1 may be determined upon notice of opportunity to request a hearing.  This procedure is being
    utilized here.

                                        1

1     **MEMORANDUM OF POINTS AND AUTHORITIES**

2     **I.**

3     **FACTS & INTRODUCTION**

4         1.    The Debtor filed her petition under Chapter 13 of the Bankruptcy Code on August

5     29, 2012.  The continued hearing on the Debtor's Chapter 13 Plan is currently set for December

6     11, 2012 at 1:30 p.m.  See Declaration of Sonia Yolanda Rodriguez ("Rodriguez Decl."), ¶ 2, and

7     Exhibit "1" thereto (Court's docket).[2]

8         2.    The Debtor owns real property at 15698 Outrigger Drive, Chino Hills, CA 91709

9     (the "Chino Hills Property"), where she lives. The Chino Hills Property is encumbered by a first

10    trust deed in favor of  HSBC Bank USA, National Association / Ocwen Loan Servicing, LLC

11    ("HSBC/Ocwen").  See Rodriguez Decl., ¶ 3.

12        3.    Prior to filing her bankruptcy, the Debtor entered into a proposed Loan

13    Modification Agreement with HSBC/Ocwen with respect to its first trust deed on the Chino Hills

14    Property, whereby, among other things, arrears were being capitalized into the loan, the interest

15    rate was being lowered, and certain principal was being forgiven at specified intervals (the "Loan

16    Modification Agreement").  See Rodriguez Decl., ¶ 4, and Exhibit "2" thereto (copy of Loan

17    Modification Agreement).  The Debtor believes the Loan Modification Agreement was finalized

18    pre-petition, but HSBC/Ocwen filed an objection to confirmation on or about October 3, 2012 on

19    the grounds that arrears to it were not provided for in the Debtor's Plan.  See Exhibit "1," docket

20    entry # 16.

21        4.    Since the filing of the above objection, the Debtor has been in constant

22    communication with HSBC/Ocwen to resolve the matter, so as to remove this obstacle to

23    confirmation.  In fact, on or about October 30, 2012 the Debtor spoke to a representative of

24    Ocwen, and she was told that all that remained to finalize the loan modification was court

25    approval thereof.  See Rodriguez Decl., ¶ 5.  That same day, counsel for the Debtor emailed

26    counsel for HSBC/Ocwen requesting confirmation of the foregoing, and HSBC/Ocwen's counsel

27

28          [2]The Debtor respectfully requests that the Court take judicial notice of its docket, files, and
other documents referenced herein pursuant to FRE 201, made applicable to bankruptcy by FRBP 9017.

1    informed Debtor's counsel that she would look into the matter.  See Declaration of Joseph E.

2    Caceres ("Caceres Decl."), ¶ 2.  In the meantime, the Debtor attended the continued 341(a)

3    Meeting with counsel on November 6, 2012 and, after discussing the matter with the Trustee, it

4    appears prudent to seek a Court order authorizing the Debtor to enter into a loan modification

5    agreement with HSBC/Ocwen, to expedite the case pending HSBC/Ocwen's review of the matter.

6    Id.

7         5.    For the foregoing reasons, the Debtor respectfully requests that the Court grant this

8    motion, and allow her to enter into a Loan modification Agreement with HSBC/Ocwen.  Without

9    this modification the Debtor would likely not be able to keep her home, and would therefore like

10    to finalize it.

11    **II.**

12    **ARGUMENT**

13    **1.    The Court has Broad Equitable Powers and May Authorize the Debtor to Enter**
**Into a Loan Modification Agreement with HSBC/Ocwen**

14

15        11 U.S.C. § 105(a) provides, in pertinent part, as follows:

16    "The Court may issue any order, process, or judgment that is necessary
or appropriate to carry out the provisions of this title..."

17        Under this section, the Court has broad equitable powers to fashion an equitable result

18    consistent with the provisions of the Bankruptcy Code.  Here, the Debtor is seeking to

19    consensually modify her loan with HSBC/Ocwen in order to, among other things, have arrears

20    capitalized into the loan, lower the interest rate, and obtain certain principal reductions at

21    specified intervals.  As set forth above, without the loan modification the Debtor would have

22    difficulty retaining her home, and her plan does not provide for any arrears as she believes the

23    loan modification was approved pre-petition.  Hence, the Debtor submits that the Loan

24    Modification Agreement is consistent with the Debtor's plan and the Bankruptcy Code's goals of

25    rehabilitation and reorganization of the Debtor.  Hence, this motion should be granted and the

26    Debtor authorized to enter into a loan modification agreement with HSBC/Ocwen.

27    //

28    //

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION

In summary, the proposed loan modification will assist the Debtor to retain her home, and is consistent with the Debtor's Plan and the Bankruptcy Code's goals of rehabilitation and reorganization of debtors. Hence, this motion should be granted and the Debtor authorized to enter into a loan modification agreement with HSBC/Ocwen.

**WHEREFORE**, the Debtor respectfully requests that the Court grant this motion and authorize her to enter into a loan modification agreement with HSBC/Ocwen, authorize her and HSBC/Ocwen to take any actions and execute any and all documents necessary to consummate a Loan Modification Agreement, and grant such other and further relief as the Court deems just and proper.

Dated: November 6, 2012                Respectfully Submitted,

                                      CACERES & SHAMASH, LLP

                                            /s/ Joseph E. Caceres
                                      By:_____
                                      Joseph E. Caceres, Esq.
                                      Charles Shamash, Esq.
                                      Attorneys for Debtor

4

## <u>DECLARATION OF SONIA YOLANDA RODRIGUEZ</u>

I, Sonia Yolanda Rodriguez, do hereby declare as follows:

1.      I am the debtor in this case.  I am over the age of 18.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

2.      I my petition under Chapter 13 of the Bankruptcy Code on August 29, 2012.  The continued hearing on my Chapter 13 Plan is currently set for December 11, 2012 at 1:30 p.m.  <u>See</u> Exhibit "1" hereto (true and correct copy of Court's docket).

3.      I own real property at 15698 Outrigger Drive, Chino Hills, CA 91709 (the "Chino Hills Property"), where I live. The Chino Hills Property is encumbered by a first trust deed in favor of  HSBC Bank USA, National Association / Ocwen Loan Servicing, LLC ("HSBC/Ocwen").

4.      Prior to filing my bankruptcy, I entered into a proposed Loan Modification Agreement with HSBC/Ocwen with respect to its first trust deed on the Chino Hills  Property, whereby, among other things, arrears were being capitalized into the loan, the interest rate was being lowered, and certain principal was being forgiven at specified intervals (the "Loan Modification Agreement").  <u>See</u> Exhibit "2" hereto (true and correct copy of Loan Modification Agreement).  I believe the Loan Modification Agreement was finalized pre-petition, but HSBC/Ocwen filed an objection to confirmation on or about October 3, 2012 on the grounds that arrears to it were not provided for in my Plan.  <u>See</u> Exhibit "1," docket entry # 16.

5.      Since the filing of the above objection, I have been in constant communication with HSBC/Ocwen to resolve the matter, so as to remove this obstacle to confirmation.  In fact, on or about October 30, 2012 , I spoke to a representative of Ocwen, and I was told that all that remained to finalize the loan modification was court approval thereof.  I am informed and believe that the same day, my attorney emailed counsel for HSBC/Ocwen requesting confirmation of the foregoing, and HSBC/Ocwen's counsel informed him that she would look into the matter.  <u>See</u> attached Declaration of Joseph E. Caceres ("Caceres Decl."), ¶ 2.  In the meantime, I attended the continued 341(a) Meeting with my attorney on November 6, 2012 and, after discussing the matter

with the Trustee, my counsel believes it is prudent to seek a Court order authorizing me to enter

into a loan modification agreement with HSBC/Ocwen, to expedite the case pending

HSBC/Ocwen's review of the matter.

      6.     For the foregoing reasons, I respectfully request that the Court grant this motion,

and allow me to enter into a Loan modification Agreement with HSBC/Ocwen.  Without this

modification I would likely not be able to keep my home, and would therefore like to finalize it.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on November 6, 2012 at Los Angeles, California.

```
                              -see attached signature page-
```
_____
Sonia Yolanda Rodriguez

1   with the Trustee, my counsel believes it is prudent to seek a Court order authorizing me to enter

2   into a loan modification agreement with HSBC/Ocwen, to expedite the case pending

3   HSBC/Ocwen's review of the matter.

4         6.      For the foregoing reasons, I respectfully request that the Court grant this motion,

5   and allow me to enter into a Loan modification Agreement with HSBC/Ocwen.  Without this

6   modification I would likely not be able to keep my home, and would therefore like to finalize it.

7         I declare under penalty of perjury that the foregoing is true and correct.

8         Executed on November 6, 2012 at Los Angeles, California.



Sonia Yolanda Rodriguez

6

1

### DECLARATION OF JOSEPH E. CACERES

2  I, Joseph E. Caceres, do hereby declare as follows:

3       1.      My firm is the bankruptcy attorney for the debtor in this case.  I am over the age of

4  18.  I have personal knowledge of the matters set forth in this declaration, except where stated to

5  be on information and belief, and if called to testify I could and would testify competently thereto.

6       2.      According to the Debtor, she spoke to a representative of Ocwen on or about

7  October 30, 2012, and was told that all that remained to finalize the loan modification that is the

8  subject of this motion was court approval thereof.  <u>See</u> Rodriguez Decl., ¶ 5.  Based thereon, that

9  same day I emailed counsel for HSBC/Ocwen requesting confirmation of the foregoing, and

10  HSBC/Ocwen's counsel informed me that she would look into the matter.  In the meantime, I

11  attended the continued 341(a) Meeting with the Debtor on November 6, 2012 and, after

12  discussing the matter with the Trustee, it appears prudent to seek a Court order authorizing the

13  Debtor to enter into a loan modification agreement with HSBC/Ocwen, to expedite the case

14  pending HSBC/Ocwen's review of the matter.

15       I declare under penalty of perjury that the foregoing is true and correct.

16       Executed on November 6, 2012 at Beverly Hills, California.

17

18                     /s/ Joseph E. Caceres

19                     _____
                   Joseph E. Caceres

20

21

22

23

24

25

26

27

28

7

# EXHIBIT 1

**PRVDISCH**

# U.S. Bankruptcy Court
## Central District Of California (Riverside)
## Bankruptcy Petition #: 6:12-bk-30012-DS

Date filed:  08/29/2012

*Assigned to:* Deborah J. Saltzman
Chapter 13
Voluntary
Asset

*Debtor*                                          represented by **Charles Shamash**
**Sonia Yolanda Rodriguez**                       Caceres & Shamash LLP
15698 Outrigger Drive                             8200 Wilshire Blvd Ste 400
Chino Hills, CA 91709                             Beverly Hills, CA 90211
SAN BERNARDINO-CA                                 310-205-3400
SSN / ITIN: xxx-xx-3642                           Fax : 310-878-8308
*aka* Sonia Eaton                                 Email: cs@locs.com

*Trustee*
**Rod (DS) Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

*U.S. Trustee*
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| | | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Sonia Yolanda Rodriguez Schedule A due 09/12/2012. Schedule B due 09/12/2012. Schedule C due 09/12/2012. Schedule D due 09/12/2012. Schedule E due 09/12/2012. Schedule F due 09/12/2012. Schedule G due 09/12/2012. Schedule H due 09/12/2012. Schedule I due 09/12/2012. Schedule J due 09/12/2012. Statement of Financial Affairs due 09/12/2012. Chapter 13 Plan due by 09/12/2012. Statement - Form 22C Due: 09/12/2012. Summary of schedules due 09/12/2012. Declaration concerning debtors schedules due 09/12/2012. Disclosure of Compensation of Attorney for Debtor due 09/12/2012. Statistical Summary due 09/12/2012. Incomplete Filings due by 09/12/2012. (Shamash, Charles) |

| 08/29/2012 | 1 | (Entered: 08/29/2012) |
|---|---|---|
| 08/29/2012 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 08/29/2012) |
| 08/29/2012 | 3 | Meeting of Creditors with 341(a) meeting to be held on 10/09/2012 at 08:00 AM at RM 100A, 3420 Twelfth St., Riverside, CA 92501. Confirmation hearing to be held on 10/09/2012 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by 01/07/2013. (Shamash, Charles) (Entered: 08/29/2012) |
| 08/29/2012 | | Receipt of Voluntary Petition (Chapter 13)(6:12-bk-30012) [misc,volp13] ( 281.00) Filing Fee. Receipt number 28952376. Fee amount 281.00. (U.S. Treasury) (Entered: 08/29/2012) |
| 09/01/2012 | 4 | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 09/01/2012. (Admin.) (Entered: 09/01/2012) |
| 09/01/2012 | 5 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Sonia Yolanda Rodriguez) No. of Notices: 1. Notice Date 09/01/2012. (Admin.) (Entered: 09/01/2012) |
| 09/01/2012 | 6 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Sonia Yolanda Rodriguez) No. of Notices: 1. Notice Date 09/01/2012. (Admin.) (Entered: 09/01/2012) |
| 09/05/2012 | 7 | Statement Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 09/05/2012) |
| 09/12/2012 | 8 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singer, Daniel. (Singer, Daniel) (Entered: 09/12/2012) |
| 09/12/2012 | 9 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 09/12/2012) |
| 09/12/2012 | 10 | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) *with proof of service* Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 09/12/2012) |
| | | Chapter 13 Plan Filed by Debtor Sonia Yolanda Rodriguez (RE: |

| | | |
|---|---|---|
| 09/12/2012 | 11 | related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Sonia Yolanda Rodriguez Schedule A due 09/12/2012. Schedule B due 09/12/2012. Schedule C due 09/12/2012. Schedule D due 09/12/2012. Schedule E due 09/12/2012. Schedule F due 09/12/2012. Schedule G due 09/12/2012. Schedule H due 09/12/2012. Schedule I due 09/12/2012. Schedule J due 09/12/2012. Statement of Financial Affairs due 09/12/2012. Chapter 13 Plan due by 09/12/2012. Statement - Form 22C Due: 09/12/2012. Summary of schedules due 09/12/2012. Declaration concerning debtors schedules due 09/12/2012. Disclosure of Compensation of Attorney for Debtor due 09/12/2012. Statistical Summary due 09/12/2012. Incomplete Filings due by 09/12/2012.). (Shamash, Charles) (Entered: 09/12/2012) |
| 09/12/2012 | 12 | Summary of Schedules , Statistical Summary of Certain Liabilities, Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Declaration concerning debtor's schedules , Statement of Financial Affairs , Disclosure of Compensation of Attorney for Debtor , Chapter 13 Statement of Current Monthly and Disposable Income Filed by Debtor Sonia Yolanda Rodriguez (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Shamash, Charles) (Entered: 09/12/2012) |
| 09/13/2012 | 13 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *with proof of service* Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 09/13/2012) |
| 09/20/2012 | 14 | Hearing Set (RE: related document(s)11 Chapter 13 Plan filed by Debtor Sonia Yolanda Rodriguez) Confirmation hearing to be held on 10/9/2012 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman (Jeanmarie, Cynthia) (Entered: 09/20/2012) |
| 09/21/2012 | 15 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 09/21/2012) |
| 10/03/2012 | 16 | Objection to Confirmation of Plan Filed by Creditor HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-C, Mortgage-Backed Certificates, Series 2006-C (RE: related document(s)11 Chapter 13 Plan Filed by Debtor Sonia Yolanda Rodriguez). (Bender, Jennifer) (Entered: 10/03/2012) |

| | | |
|---|---|---|
| 10/05/2012 | 17 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 10/05/2012) |
| 10/09/2012 | 18 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Rod (DS) Danielson (TR). 341(a) Meeting Continued to 11/6/2012 at 09:00 AM at RM 100A, 3420 Twelfth St., Riverside, CA 92501. (Danielson (TR), Rod (DS)) (Entered: 10/09/2012) |
| 10/18/2012 | 19 | Amending Schedules (D) *with proof of service* Filed by Debtor Sonia Yolanda Rodriguez. (Shamash, Charles) (Entered: 10/18/2012) |
| 10/18/2012 | | Receipt of Amending Schedules D E or F(6:12-bk-30012-DS) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 29768062. Fee amount 30.00. (U.S. Treasury) (Entered: 10/18/2012) |
| 10/18/2012 | 20 | Proof of service *of Chapter 13 Plan to Fairfield Ranch Maintenance Association* Filed by Debtor Sonia Yolanda Rodriguez (RE: related document(s)11 Chapter 13 Plan). (Shamash, Charles) (Entered: 10/18/2012) |
| 10/25/2012 | 21 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Rod (DS) Danielson (TR). 341(a) Meeting Continued to 11/6/2012 at 09:00 AM at RM 100-1, 3801 University Ave., Riverside, CA 92501. (Danielson (TR), Rod (DS)) (Entered: 10/25/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/05/2012 11:26:28 | | |
| **PACER Login:** | cm0207 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:12-bk-30012-DS Fil or Ent: filed From: 8/7/2000 To: 11/5/2012 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT 2

O·C·W·E·N
6/8/2012

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

| Loan Number: ████3895 |
| Property Address: 15698 Outrigger Dr Chino Hills, CA 91709 |

Sonia Rodriguez Luis Rodriguez
15698 Outrigger Dr
Chino Hills, CA 91709

**Congratulations!** You are eligible for a Home Affordable Modification. As previously described, if you comply with the terms of the Home Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid.

The enclosed Home Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage.

**How to Accept This Offer:**

**STEP 1   COMPLETE THE ENCLOSED AGREEMENT**

To accept this offer, <u>you must sign and return both copies</u> of the Modification Agreement to us before 8/1/2012. If the Modification Agreement has notary provisions at the end, you must sign both copies before a notary public and return the notarized copies to us. We encourage you to <u>make a copy</u> of all documents for your records. If you do not send both signed copies of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

**STEP 2   MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Your trial period payments in the amount of **$2,637.90** will be due on or before the dates provided within the Trial Period Plan. <u>Be certain to make all trial period payments on or before their dates.</u> If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified. To ensure that your payments are made on time, please consider enrolling in our free Automatic Clearing House (ACH) program. The ACH program allows you to make automatic monthly payment withdrawals without writing any checks. You can fill out the ACH application included with this agreement or simply log in to your account online at www.ocwencustomers.com with your User ID and Password and click on the Automatic Payment Withdrawal link.

**STEP 3   RETURN BOTH COPIES OF MODIFICATION AGREEMENT**

MAIL TO:
OCWEN LOAN SERVICING, LLC
ATTN: HAMP MODIFICATIONS
1661 WORTHINGTON ROAD, SUITE100
WEST PALM BEACH, FLORIDA 33409

To understand the proposed terms of your modified mortgage, we urge you to read the attached summary of your modified mortgage and the Agreement.

MAULANA SHAIKH has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

Sincerely,

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

412086
NMLS # 1852

*Ocwen Loan Servicing, LLC*
WWW.OCWEN.COM

**SUMMARY**

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. Ocwen will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that Ocwen must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be included in the loan payment noted in the enclosed Agreement; you do not need to remit this amount separately.

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3 showing your payment plan for the life of your modified loan after the trial period.

**NO FEES.** There are no fees under the Home Affordable Modification Program.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at 1 (800) 746-2936

**BORROWER INCENTIVE. [ONLY APPLIES IF ALL CONDITIONS BELOW HAVE BEEN SATISFIED]** If you make your monthly mortgage payments on time, you will accrue a monthly benefit equal to the lesser of: (i) $83.33 or (ii) one-half of the reduction in the monthly mortgage payment. As long as your mortgage loan does not become 90 days delinquent, we will apply your accrued monthly benefit to your mortgage loan and reduce your principal balance after each of the first through fifth anniversaries of the month in which the trial period plan is executed. If your modified mortgage loan ever becomes 90 days delinquent, you will lose all accrued but unapplied principal reduction benefits and will no longer be eligible to accrue additional principal reduction benefits even if the mortgage loan is later brought current.

**AGREEMENT.** You must return two signed original Modification Agreements to Ocwen by the due date provided in Step 1.

## MAIL AGREMENTS TO:
OCWEN LOAN SERVICING, LLC
ATTN: HAMP MODIFICATIONS
1661 WORTHINGTON ROAD
SUITE 100
WEST PALM BEACH, FLORIDA 33409

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

412086
NMLS # 1852



# MAKING HOME AFFORDABLE

Homeowner's HOPE™ Hotline
If you have questions about the program that your servicer cannot answer or need further counseling, call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish.





## NOTICE TO BORROWERS

Be advised that you are signing the following documents under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution.

By signing the enclosed documents you certify, represent and agree that:

"Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the program, are true and correct."

## SIGTARP Hotline

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by:

Online Form: www.SIGTARP.gov
Phone: 877-SIG-2009 (toll-free)
Fax: 202-622-4559
Mail to: Hotline
Office of the Special Inspector General For The Troubled Asset Relief Program 1500
Pennsylvania Ave., NW, Suite 1064 Washington, D.C. 20220

For all other inquiries related to your mortgage, please contact your Lender

≥ PRA

Investor Loan # _____

**After Recording Return To:**

_____
_____
_____
_____

This document was prepared by _____

_____ [Space Above This Line For Recording Data] _____

## HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

Borrower(s) ("I"):  Sonia Rodriguez Luis Rodriguez

Servicer ("Servicer"): *Ocwen Loan Servicing, LLC*

Date of first lien Security Instrument ("Mortgage") and Note ("Note"):7/11/2006

Loan Number▬▬▬3895

Property Address:15698 Outrigger Dr Chino Hills, CA 91709 ("Property")

*[and Legal Description if recordation is necessary]*

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Servicer, the Servicer will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.   **My Representations.**  I certify, represent to Servicer and agree:

   A.   I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B.   I live in the Property as my principal residence, and the Property has not been condemned;

   C.   There has been no change in the ownership of the Property since I signed the Loan Documents;

   D.   I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program");

   E.   Under penalty of perjury, all documents and information I have provided to Servicer in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F.   If Servicer requires me to obtain credit counseling in connection with the Program, I will do so;

OLS Form (rev. 5/11)
412086
*. NMLS # 1852*

G   I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan; and

H.   In cases where I received a discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Servicer agrees, based on this representation, that I will not have personal liability on the debt pursuant to this Agreement.

2.   **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.   TIME IS OF THE ESSENCE under this Agreement;

B.   If prior to the Modification Effective Date as set forth in Section 3 the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents; and

C.   I understand that the Loan Documents will not be modified unless and until (i) I receive from the Servicer a copy of this Agreement signed by the Servicer, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.   **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 8/1/2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 8/1/2012.

A.   The new Maturity Date will be: 10/1/2036, at which time a final balloon payment in an amount equal to all remaining amounts owed under the Loan Documents will be due.

B.   The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Servicer but not previously credited to my Loan. The new Principal balance of my Note will be  $480,192.47 (the "New Principal Balance").

C.   $184,130.52 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as a non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Principal Balance. In addition,  $134,030.52 of the Deferred Principal Balance is eligible for forgiveness (the "Deferred Principal Reduction Amount"). Provided I am not in default on my new payments such that the equivalent of three full monthly payments are due and unpaid on the last day of any month, on each of the first, second and third anniversaries of 5/1/2012, the Servicer shall reduce the Deferred Principal Balance of my Note in installments equal to one-third of the Deferred Principal Reduction Amount. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is  $296,061.95. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 8/1/2012 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 8/1/2012. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-Loans Maturity | 2.000% | 8/1/2012 | $896.55 | $422.10, adjusts annually after year 1 | $1,318.65, adjusts annually after year 1 | 8/1/2012 | 291 |
| - | - | - | - | - | - | - | - |
| - | - | - | - | - | - | - | - |
| - | - | - | - | - | - | - | - |
| - | - | - | - | Adjusts Annually | Adjusts Annually | - | - |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

OLS Form (rev. 5/11)
412086
*NMLS # 1852*

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I further understand that, provided I am not in default under the terms of this Agreement and I pay my Note in full (i) any time more than 30 calendar days after the Modification Effective Date, and (ii) prior to the application of the entire Deferred Principal Reduction Amount, I shall be fully vested in and entitled to the unapplied amount of the Deferred Principal Reduction Amount and the unapplied amount shall be deducted from my payoff balance.

D.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.   If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F.   I agree to pay in full the Deferred Principal Balance less any Deferred Principal Reduction Amount to which I am entitled, and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

G   If I make a partial prepayment of Principal, the Servicer may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4 .   **Additional Agreements.** I agree to the following:

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B.   That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Servicer.

C.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.   Funds for Escrow Items. I will pay to Servicer on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Servicer under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Servicer in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Servicer requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Servicer all notices of amounts to be paid under this Section 4.D. I shall pay Servicer the Funds for Escrow Items unless Servicer waives my obligation to pay the Funds for any or all Escrow Items.

Servicer may waive my obligation to pay to Servicer Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Servicer and, if Servicer requires, shall furnish to Servicer receipts evidencing such payment within such time period as Servicer may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Servicer may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Servicer any such amount. Servicer may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Servicer all Funds, and in such amounts, that are then required under this Section 4.D. Servicer may, at any time, collect and hold Funds in an amount (a) sufficient to permit Servicer to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a Servicer can require under RESPA. Servicer shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law. The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Servicer, if Servicer is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Servicer shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Servicer shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Servicer pays me interest on the Funds and applicable law permits Servicer to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Servicer shall not be required to pay me any interest or earnings on the Funds. Servicer and I can agree in writing, however, that interest shall be paid on the Funds. Servicer shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

OLS Form (rev. 5/11)
412086
*NMLS # 1852*

If there is a surplus of Funds held in escrow, as defined under RESPA, Servicer shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Servicer shall notify me as required by RESPA, and I shall pay to Servicer the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Servicer shall notify me as required by RESPA, and I shall pay to Servicer the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Servicer shall promptly refund to me any Funds held by Servicer.

E.   That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

F.   That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H.   That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows:  If all or any part of the Property or any interest in it is sold or transferred without Servicer's prior written consent, Servicer may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Servicer shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Servicer exercises this option, Servicer shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I.   That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan.  This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

J.   If under the Servicer's procedures a title endorsement or subordination agreements are required to ensure that the modified mortgage Loan retains its first lien position and is fully enforceable, I understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Servicer has not received an acceptable title endorsement and/or subordination agreements from other lien holders, as Servicer determines necessary.

K.   That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note is null and void

L.   Corrections and Omissions. You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note. If an error in the terms hereof is detected after execution of this Agreement, you understand that a corrected Agreement will be provided to you and this Agreement will be void upon notice of such error. Should you elect not to sign any such corrected Agreement, your loan will revert to the terms of your original Loan Documents.

M.   Mortgage Electronic Registration Systems, Inc. "MERS" is a separate corporation existing under the laws of Delaware and has an address and telephone number of 1901 E Voorhees Street, Suite C  Danville, IL 61834, (888) 679-MERS.  In cases where the Loan has been registered (solely as nominee for lender and lender's successors and assigns) with MERS and MERS is named as mortgagee in the Loan Documents, MERS, if necessary to comply with law or custom, has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Servicer including, but not limited to, releasing and canceling the mortgage loan.

OLS Form (rev. 5/11)
412086
*NMLS # 1852*

☐  *If this box is checked, Borrower(s) signature must be notarized.*

In Witness Whereof, the Servicer and I have executed this Agreement.

Sign Here →  _____          7, 16, 2012 Date
           Sonia Rodriguez

State of California           )
County of Riverside       )

On 16th July 2012 before me, Micaela Herrera Luna personally appeared
Sonia Rodriguez _____,who proved to me on the basis of satisfactory evidence to
be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which
the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct. WITNESS my hand and official seal.

Signature _Micaela Herrera Luna_ (Seal)
Print Name: MICAELA HERRERA LUNA
Commission expiration date 04 / 11 / 2015

Personally Known_____ OR Produced Identification DMV/CDL
Type of Identification Produced_____

[Notary seal: MICAELA HERRERA LUNA / COMM. #1932313 / NOTARY PUBLIC - CALIFORNIA / RIVERSIDE COUNTY / My Comm. Expires April 11, 2015]

---

Sign Here →  _____          ___/___/_____ Date
           Luis Rodriguez

State of California           )
County of_____ )
On _____ before me, _____personally appeared
_____,who proved to me on the basis of satisfactory evidence to
be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which
the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct. WITNESS my hand and official seal.
Signature _____ (Seal)
Print Name:_____
Commission expiration date____/___/_____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

Page 5 of 8           OLS Form (rev. 5/11)
                                             412086
                                             *NMLS # 1852*

*All individuals on the title (even if not a borrower on the note) must sign this agreement. If there are more than two title holders to this property, please have them sign below. If no other title holders exist, please leave page 6 blank and return it with the rest of the agreement.

In Witness Whereof, the Servicer and I have executed this Agreement.

Sign Here → _____          07 / 16 / 2012 Date

State of California                    )
County of _Riverside_____          )

On _16th July 2012_ before me, _Micaela Herrera Luna_ personally appeared
_Sonia Rodriguez_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.
Signature _Micaela Herrera Luna_ (Seal)
Print Name: _MICAELA HERRERA LUNA_
Commission expiration date _04/11/2015_

MICAELA HERRERA LUNA
COMM. #1932313
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires April 11, 2015

Personally Known_____ OR Produced Identification _DMV/CDL_
Type of Identification Produced _____

Sign Here → _____          ____ / ____ / ____ Date

State of California                    )
County of _____          )
On _____ before me, _____ personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _____ (Seal)
Print Name: _____
Commission expiration date____ / ____ / ____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

_____          _____
Servicer                                          BY

_____
Date

If applicable: _____
          Mortgage Electronic Registration Systems, Inc. – Nominee for Servicer

Page 6 of 8                    OLS Form (rev. 5/11)
                                        412086
                                        NMLS # 1852

## BALLOON PAYMENT DISCLOSURE

Borrower(s) ("I"): Sonia Rodriguez Luis Rodriguez

Servicer ("Servicer"):

Date of first lien Security Instrument ("Mortgage") and Note ("Note"):

Loan Number:                    ████895

Property Address:        15698 Outrigger Dr Chino Hills, CA 91709

THIS BALLOON PAYMENT DISCLOSURE is made this 8 day of June, 2012, and is incorporated into and shall be deemed to supplement the Loan Modification Agreement (the "Agreement") of the same date given by the undersigned Borrower(s). The Agreement contains a balloon payment provision representing the amount of the Deferred Principal Balance under the Agreement. The Agreement also contains a principal reduction feature that may reduce the Deferred Principal Balance in three equal installments of   $44,676.84 in accordance with Section 3(C) of the Agreement, provided that the Borrower remains eligible for principal reduction for the time period specified in Section 3(C) of the Agreement.

A balloon payment is a scheduled lump sum usually due at the end of the mortgage loan term that is significantly larger than the other regularly scheduled periodic payments. This means that even if I make all payments full and on time, the loan will not be paid in full by the final payment date. The amount of the balloon payment may vary depending on my payment history and adherence to Section 3(C) of the Agreement. If my loan is an adjustable rate mortgage, the amount of the balloon payment also may vary based on any interest rate changes that occur during the life of the loan.

If the Borrower remains eligible for the time period specified in the following table, the Deferred Principal Balance will be adjusted to the amounts reflected in the table.

| Duration of Eligibility | | Deferred Principal Balance due on Maturity |
|---|---|---|
| 8/1/2012 up to 5/1/2013 | | $329,382.48 - NO ADJUSTMENT |
| 5/1/2013 up to 5/1/2014 | | $284,705.64 |
| 5/1/2014 up to 5/1/2015 | | $240,028.80 |
| 5/1/2015 up to 10/1/2036 | | $195,351.96 |

THIS CONTRACT IS NOT PAYABLE IN INSTALLMENTS OF EQUAL AMOUNTS:  AN INSTALLMENT OF UP TO $329,382.48 WILL BE DUE AND PAYABLE IN FULL ON 10/1/2036, PROVIDED THAT ALL PAYMENTS ARE MADE IN ACCORDANCE WITH THE LOAN TERMS AND THE INTEREST RATE DOES NOT CHANGE FOR THE ENTIRE LOAN TERM. DEPENDING ON THE BORROWER'S ELIGIBILITY UNDER SECTION 3(C), THIS AMOUNT MAY DECREASE. The balloon payment on the loan modification I have applied for is due 291 months from the effective date of the modification.

*Notice required by North Dakota law:*

CAUTION TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN DUE, IT MAY BE NECESSARY FOR YOU TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY FOR THIS PURPOSE AND YOU MAY BE REQUIRED TO AGAIN PAY COMMISSION AND EXPENSES FOR ARRANGING THE LOAN.  KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THE LOAN MODIFICATION THAT YOU OBTAIN AT THIS TIME.

OLS Form (rev. 5/11)
412086
*NMLS # 1852*

If I cannot pay the balloon payment when due, I may have to obtain a new loan to make the balloon payment or I may lose my property through foreclosure. Before deciding to take this loan, I will consider my ability to pay the balloon payment when it comes due. In addition, the value of the real estate securing this loan may change during the term of the loan. On the date the balloon payment becomes due, the value of the real estate may not be sufficient to secure a new loan in an amount equal to the balloon payment.

NEITHER OCWEN LOAN SERVICING, LLC NOR ANY LENDER TO WHICH THIS LOAN IS TRANSFERRED IS UNDER ANY OBLIGATION TO FINANCE THE AMOUNT OF THE BALLOON PAYMENT. THEREFORE, I MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS I OWN OR I MAY HAVE TO FIND ANOTHER LENDER TO REFINANCE THE LOAN.

ASSUMING THE OWNER OF MY LOAN OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, I WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. I MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

I/we have read the above disclosure and acknowledge receiving a copy by signing below.

Borrower                SIGN        07-16-2012
                                     Date

Borrower                SIGN        _____
                                     Date

OLS Form (rev. 5/11)
412086
*NMLS # 1852*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

The foregoing documents described as   **(1)Notice of Motion for Order Without Hearing Pursuant to LBR 9013-1(o); and (2) Debtor's Motion for Authority to Enter Into Post-Petition Loan Modification Agreement With HSBC Bank USA, National Association/Ocwen Loan Servicing, LLC; Declarations of Sonia Yolanda Rodriguez and Joseph E. Caceres in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On   11/08/12   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> **NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in this service category.  Proposed orders do not generate an NEF.

☒ Service information continued on attached page

II.  **SERVED BY UNITED STATES MAIL**:  On (date)  11/08/12  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/08/12 | Elizabeth Prado | /s/ Elizabeth Prado |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ADDITIONAL SERVICE LIST

### In re Sonia Yolanda Rodriguez
### Ch. 13 Case No. 6:12-bk-30012-DS

**SERVICE VIA NEF:**

- Jennifer A Bender bankruptcy@zievelaw.com
- Rod (DS) Danielson (TR) notice-efile@rodan13.com
- Charles Shamash cs@locs.com, generalbox@locs.com
- Daniel I Singer bankruptcy@zievelaw.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

**SERVICE VIA U.S. MAIL:**

*All on attached list served via U.S. mail, with exception of duplicates
or anyone served via NEF list above*

Label Matrix for local noticing
0973-6
Case 6:12-bk-30012-DS
Central District Of California
Riverside
Tue Nov  6 17:52:03 PST 2012

HSBC Bank USA, National Association, as Trus
c/o Law Offices of Les Zeive
18377 Beach Blvd., Suite 210
Huntington Beach, CA 92648-1349

OCWEN LOAN SERVICING, LLC
Law Offices of Les Zeive
18377 Beach Blvd., Suite 210
Huntington Beach, CA 92648-1349

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

Capital One Auto Finance
9441 LBJ Freeway, Suite 350
Dallas, Texas 75243-4652

Fairfield Ranch Maintenance Association
c/o Crummack & Huseby Property Mgmt Inc
1 Spectrum Pointe Ste 320
Lake Forest CA 92630-2288

Franchise Tax Board
Bankruptcy Unit
P.O. Box 1673
Sacramento, CA 95812-1673

Franchise Tax Board Bankruptcy Sect
P.O. Box 2952 MS A-340
Sacramento, CA 95812-2952

Franchise Tax Board Chief Counsel
General Counsel Section
P.O. Box 1720, MS A-260
Rancho Cordova, CA 95741-1720

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Ocwen Loan Servicing, LLC
1661 Worthington Road, Ste 100
West Palm Beach, FL 33409-6493

U.S. Attorney's Office
Civil Process Clerk
300 N. Los Angeles, Room 7516
Los Angeles, CA 90012-3341

USDOJ Attorney General
Ben Franklin Station
P.O. Box 683
Washington, DC 20044-0683

Charles Shamash
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211-2315

Rod (DS) Danielson (TR)
3787 University Avenue
Riverside, CA 92501-3332

Sonia Yolanda Rodriguez
15698 Outrigger Drive
Chino Hills, CA 91709-8716

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19144

End of Label Matrix
Mailable recipients    16
Bypassed recipients     0
Total                  16